**Shirley Jean CRAVEN, Appellant–Plaintiff,**

v.

**STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY and Robert J. Barr, Appellee–Defendants.**

**No. 25A03–9105–CV–121 [1].**

Court of Appeals of Indiana, First District.

March 25, 1992.

Rehearing Denied May 26, 1992.

---

1. This case transferred by direction of the Chief Judge on 2/5/92.

Kelly Leeman, Logansport, for appellant-plaintiff.

Charles V. Vaughan, Vaughn & Vaughn, Lafayette, for appellee-defendants.

BAKER, Judge.

In this action stemming from a dispute over uninsured motorist coverage, plaintiff-appellant Shirley Craven appeals the trial court's entry of summary judgment in favor of defendant-appellees State Farm Mutual Automobile Insurance Company (State Farm) and Robert J. Barr, a State Farm agent. The appeal presents us with several issues, which we restate as:

I. Whether the 1987 amendments to IND.CODE 27–7–5–2 had any effect prior to January 1, 1988.

II. Whether Craven demonstrated Barr had a duty to advise her concerning her insurance needs.

We affirm.

## PROCEDURAL POSTURE, FACTS, AND STANDARD OF REVIEW

Initially, we note the only facts in the record before us are those set forth in the pleadings. Neither Craven nor the defendants offered any evidence, such as affidavits, interrogatories, admissions, or depositions to support their arguments in the summary judgment proceedings. This lack of evidence automatically converts the summary judgment into a judgment on the pleadings under Ind.Trial Rule 12(C).

*Davidson v. Cincinnati Ins. Co.* (1991), Ind.App., 572 N.E.2d 502, 505, *trans. denied.*[2]

The facts from the pleadings most favorable to Craven reveal she approached Barr in the fall of 1987 to discuss automobile insurance. After the meeting, State Farm issued a policy on November 10, 1987. The policy had bodily injury coverage of $100,000 per person and $300,000 per accident, with uninsured motorist coverage of $25,000 per person and $50,000 per accident.

On April 13, 1988, Craven was involved in an accident with an uninsured motorist. State Farm paid her the $25,000 limit of her uninsured motorist coverage, but denied any additional coverage. After attempts at negotiation failed, Craven initiated this action by filing a three count complaint against State Farm and Barr. Count I alleged State Farm had violated IND.CODE 27-7-5-2 by providing her with uninsured motorist coverage in an amount less than her policy limits of liability. Count II alleged Barr failed to advise Craven that she was buying only $25,000 uninsured motorist coverage, that $25,000 was less uninsured motorist coverage than that afforded by her previous policy, and that she could purchase more than $25,000 of uninsured motorist coverage. Count III alleged both defendants had engaged in unfair settlement practices by violating IND.CODE 27-7-5-2. All three Counts requested punitive damages.

■■■ As with a summary judgment, a judgment on the pleadings is proper only when there are no genuine issues of material fact. *Davidson, supra.* For purposes of review, the movant is deemed to admit all the well-pleaded facts in favor of the non-movant, and we will draw all reasonable inferences in favor of the non-movant. *Gregory and Appel, Inc. v. Duck* (1984), Ind.App., 459 N.E.2d 46, 50; *Peoples Trust & Sav. Bank v. Humphrey* (1983), Ind. App., 451 N.E.2d 1104, 1109.

## DISCUSSION AND DECISION

### Count I and Count III

■■■ Craven first argues she is entitled to uninsured motorist coverage equal to her policy limits of liability as a result of the 1987 amendments to IND.CODE 27-7-5-2. Prior to the 1987 amendments, the minimum amount of uninsured motorist coverage insurers had to offer was established by the financial responsibility statute, IND.CODE 9-2-1-15.[3] Since the 1987 amendments, the minimum uninsured motorist coverage insurers must offer is an amount equal to an insured's policy limits of liability. The amendments, however, were not effective for policies first issued prior to January 1, 1988. *Inman v. Farm Bureau Ins.* (1992), Ind.App., 584 N.E.2d 567. Craven's policy was issued November 10, 1987, and she is therefore not entitled to uninsured motorist coverage equal to her policy limits of liability.

As goes Count I, so goes Count III. Because State Farm and Barr adhered to the terms of IND.CODE 27-7-5-2 in their payment of $25,000 in uninsured motorist coverage, Craven has no claim under Count III for unfair settlement practices stemming from the defendants' refusal to offer more than $25,000 under Craven's uninsured motorist coverage.

### Count II

In Count II, Craven seeks recovery from Barr for negligent failure to advise her of her insurance needs, specifically the availability of higher amounts of uninsured motorist coverage than she actually purchased.

■■■ It is well-settled that "an insurance agent or broker who undertakes to procure insurance for another is an agent of the proposed insured, and owes the principal a duty to exercise reasonable care, skill, and good faith diligence in obtaining the insurance." *United Farm Bureau*

---

**2.** Similarly, if a motion is couched as a motion for judgment on the pleadings, but the trial court reviews matters extraneous to the pleadings, the motion is deemed a motion for summary judgment. Ind. T.R. 12(C).

**3.** Repealed, now IND.CODE 9-25-2-3.

*Mut. Ins. Co. v. Cook* (1984), Ind.App., 463 N.E.2d 522, 527 (quoting *Stockberger v. Meridian Mut. Ins.* (1979), 182 Ind.App. 566, 395 N.E.2d 1272, 1279; *Bulla v. Donahue* (1977), 174 Ind.App. 123, 126, 366 N.E.2d 233, 236).[4] In this state, however, the agent's duty extends to the provision of advice only upon a showing of an intimate long term relationship between the parties or some other special circumstance. *See Bush v. Mayerstein–Burnell Financial Services, Inc.* (1986), Ind.App., 499 N.E.2d 755, 758 (absent a request, agent, who had never done business with plaintiff before policy at issue was purchased, had no duty to explain unambiguous terms of coverage); *United Farm Bureau Mut. Ins. Co. v. Cook, supra,* at 529 (defendant agent had advised plaintiff on plaintiff's insurance needs for several years). *Accord, Trotter v. State Farm Mut. Automobile Ins. Co.* (Ct.App.1988), 297 S.C. 465, 377 S.E.2d 343 (plaintiff failed to demonstrate that agent had assumed a duty to advise him); *Nelson v. Davidson* (1990), 155 Wis.2d 674, 456 N.W.2d 343.

In *Nelson,* the court, after extensively reviewing case law from Wisconsin and other state and federal courts, stated "something more than the standard insured-insurer relationship is required in order to create a special relationship obligating the insurer to advise the policyholder concerning his or her insurance coverage." *Id.* at 683, 456 N.W.2d at 347 (citing *Bruner v. League Gen. Ins. Co.* (1987), 164 Mich.App. 28, 416 N.W.2d 318). The *Nelson* court, like this court in *United Farm Bureau Mut. Ins. Co. v. Cook, supra,* relied on *Hardt v. Brink* (W.D.Wash.1961), 192 F.Supp. 879, stating that "[n]o affirmative duty to advise is assumed by the mere creation of an agency relationship." *Nelson* 155 Wis.2d at 681, 456 N.W.2d at 346 (quoting *Hardt,* 192 F.Supp. at 880). *See also* Annotation, *Liability of Insurer or Agent of Insurer For Failure to Advise*

*Insured as to Coverage Needs,* 88 A.L.R.4th 249 (1991).[5]

■ Craven relies on *Dimeo v. Burns, Brooks & McNeil, Inc.* (1986), 6 Conn.App. 241, 504 A.2d 557, *cert. denied* (1986), 199 Conn. 805, 508 A.2d 31 for the proposition that insurance agents owe a freestanding duty to advise their insureds and proposed insureds. We disagree. In *Dimeo,* the court held the trial judge adequately covered the plaintiff insured's request that the jury be instructed that insurance agents owe their clients a duty to advise about coverage needs. Although the court accepted the instruction as a correct statement of law without citation to Connecticut or other authority, the facts reveal the *Dimeo* decision is not in disagreement with the rule stated above. In *Dimeo,* the plaintiff, who alleged inadequate uninsured motorist coverage, had a prior, continuing relationship with the agent when the auto policy was purchased. In any event, however, *Dimeo* is not the law in Indiana, where, as we have said, the plaintiff must demonstrate some type of special relationship before the duty to advise arises, and we turn now to the facts most favorable to Craven to determine whether she has demonstrated a special relationship sufficient to put Barr under a duty to advise.

The pleadings reveal only that Craven approached Barr to discuss the purchase of automobile insurance, and that Barr duly procured the policy from State Farm. Nowhere in the pleadings does Craven allege Barr was her insurance agent prior to the instant transaction, that she requested information about the terms of the uninsured motorist coverage, that she paid Barr additional compensation above his commission for his advice, or that any other facts exist which would establish Barr had a duty to advise Craven about her insurance needs.

---

**4.** In turn, the *Stockberger* and *Bulla* decisions relied on 16 Appleman, *Insurance law and Practice* § 8841 (1968) and 3 G. Couch, *Cyclopedia of Insurance Law* § 25:46 (2d ed. 1964).

**5.** As the cited A.L.R.4th annotation makes clear, the question of an insurance agent's duty to

advise is an infrequently litigated issue on which the courts have not reached agreement. Nonetheless, the law in Indiana is settled: an insured must demonstrate some type of special relationship for a duty to advise to exist. *United Farm Bureau Mut. Ins. Co. v. Cook, supra.*

Although we are required to indulge every reasonable inference in Craven's favor, it does not lie with the court to reform a plaintiff's complaint. Craven failed to allege all the elements of a claim for negligent failure to advise. Therefore, the trial court's entry of summary judgment on Count II of Craven's complaint, automatically converted into a judgment on the pleadings, was proper.

Judgment affirmed.

ROBERTSON and HOFFMAN, JJ., concur.