AMERICAN FAMILY MUTUAL INSUR-
ANCE COMPANY and Ira B. Rock-
enbach, Appellants–Defendants,

v.

James E. DYE, Appellee–Plaintiff.

No. 22A05–9310–CV–383.

Court of Appeals of Indiana,
First District.

May 31, 1994.

Rehearing Denied Aug. 12, 1994.

Stephen Hensleigh Thomas, Statham, Johnson & McCray, Evansville, for appellants-defendants.

C. Gregory Fifer, Voelker Law Office, Jeffersonville, for appellee-plaintiff.

## STATEMENT OF THE CASE

NAJAM, Judge.

American Family Mutual Insurance Company and Ira B. Rockenbach appeal from the denial of their cross-motions[1] for summary judgment and from the partial summary judgment entered for the insured, James E. Dye, in Dye's complaint for declaratory relief, bad faith and breach of fiduciary duty.[2] Dye's automobile policy with American Family did not provide underinsured motorist cov-

erage. Dye sought a determination that American Family was required to make underinsured motorist coverage available to him at financial responsibility limits and alleged that Rockenbach, his American Family agent, breached a fiduciary duty to inform him of the availability of such coverage. The trial court granted Dye's partial motion for summary judgment and declared underinsured coverage in the policies, but the court denied both American Family and Rockenbach's cross motions.

We reverse.

## ISSUES

1. Whether, as a matter of law, American Family was required to make underinsured motorist coverage available to Dye in his policy first issued before January 1, 1988.

2. Whether issues of material fact remain on Dye's claim for breach of fiduciary duty by American Family's agent, Rockenbach.

## FACTS

Dye became an insured of American Family in 1983 when he first purchased motor vehicle insurance and other insurance through Ira B. Rockenbach, an American Family agent in Floyds Knobs, Indiana. Rockenbach handled all of Dye's insurance needs in the ensuing years. On August 10, 1991, Dye and his wife were traveling in Alabama when their vehicle was struck by an underinsured Alabama vehicle. Dye's wife was killed and he and his minor children were injured in the accident.

Dye collected the policy limits of $40,000.00 from the Alabama driver's insurer, and Dye then made a claim to recover underinsured motorist coverage under his automobile policy with American Family. American Family denied Dye's claim on the ground that the policy did not provide such coverage. Dye filed suit against American Family and Rockenbach (1) seeking a declaration that American Family owed him a duty to provide un-

1. American Family and Rockenbach actually filed a joint motion. However, in that motion American Family in effect moved for summary judgment on Counts I through IV of Dye's complaint while Rockenbach moved for summary

judgment on Count V. Thus, we consider their motion as two motions.

2. We heard oral argument in Indianapolis on April 26, 1994.

derinsured motorist coverage; (2) alleging that American Family denied his claim in bad faith; and (3) alleging that Rockenbach breached his fiduciary duty to Dye to inform him that such coverage was available.

## DISCUSSION AND DECISION

### Standard of Review

In reviewing the trial court's ruling on a motion for summary judgment, this court applies the same standard applicable in the trial court. *See O'Donnell v. American Employers Insurance Co.* (1993), Ind.App., 622 N.E.2d 570, 572, *trans. denied.* Summary judgment may be granted only where there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). Cross motions for summary judgment do not alter the standard for granting summary judgment; rather, when reviewing cross motions, our inquiry remains whether a genuine issue of material fact exists which requires a trial on the merits. *See State Board of Tax Commissioners v. New Energy Co.* (1992), Ind.App., 585 N.E.2d 38, 39, *trans. denied; Skaggs v. Merchants Retail Credit Association, Inc.* (1988), Ind.App., 519 N.E.2d 202, 203.

### Issue One: Policies First Issued Before January 1, 1988

This appeal concerns the application of Indiana's underinsured motorist statute, Indiana Code § 27–7–5–2, to those insureds whose policies were first issued before January 1, 1988, the effective date of the statute. The statute provides that for policies first issued after December 31, 1987, insurers "shall make available" to their insureds underinsured motorist coverage in limits equal to the insured's limits of liability coverage in the policy. IND.CODE § 27–7–5–2(a). Here, the trial court distinguished prior decisions of this court interpreting the application of the underinsured motorist statute to policies, such as Dye's, which were first issued before January 1, 1988. The trial court found that the underinsured motorist statute required American Family to make such coverage available to Dye and that, if the statute did not, it would violate both the Indiana and

federal constitutional guarantees of equal protection of the laws by establishing arbitrary and unreasonable classifications among insured drivers.

American Family argues that our prior decisions, and the plain language of the underinsured motorist statute, control in the present case. Accordingly, American Family contends that it was not required to make underinsured motorist coverage available to Dye for his policy first issued prior to the effective date of the statute and that the statute does not violate equal protection.

■ Dye accurately characterizes this appeal as a request that we revisit the application of the underinsured motorist statute to policies first issued prior to 1988, *see* Brief of Appellee at 4, but we need not reconsider this issue, which has already been decided by our courts. In *Millikan v. United States Fidelity and Guaranty Co.* (1993), Ind.App., 619 N.E.2d 948, *trans. denied,* this court expressly held that an insurer was not required to offer underinsured motorist coverage to an insured whose policy was first issued prior to January 1, 1988. *Id.* at 951. The insurer in *Millikan* first issued the insured's automobile policies prior to 1985 and subsequently renewed those policies in September of 1988. *Id.* at 950–51. Therefore, we affirmed the trial court's entry of summary judgment for the insurer which had denied a request to declare underinsured motorist coverage in the policies. *Id.* at 951.

Dye does not dispute that his policy was first issued prior to 1988 and was merely renewed after the effective date of the underinsured motorist statute. *See id.* ("renewal policy" is replacement policy issued at end of a policy period and not first issuance of policy). Instead, Dye relies upon the dissenting opinion in *Millikan* which construed the statute to mean that insurers must offer underinsured motorist coverage to insureds "as soon as [their] policies came up for renewal" after December 31, 1987. *Id.* at 952.

However, we believe the statute is explicit and follow the majority view of this court that policies merely renewed after January 1, 1988, do not receive the benefit of the 1987 amendments to Indiana Code § 27–7–5–2, including the requirement that insurers make

underinsured coverage available to insureds. *See Millikan,* 619 N.E.2d at 950–51 (renewal policy not entitled to underinsured coverage); *Inman v. Farm Bureau Insurance* (1992), Ind.App., 584 N.E.2d 567, 568–69, *trans. denied* (1987 amendments, which mandate increase in uninsured motorist coverage from financial responsibility limits to bodily injury limits of insured's liability coverage, did not apply to renewal policy); *United Farm Bureau Mutual Insurance Co. v. Lowe* (1991), Ind.App., 583 N.E.2d 164, 169, *trans. denied* (where policy first issued prior to 1987 amendments, insurer which gratuitously provided underinsured motorist coverage to insured at financial responsibility levels was not required to provide such coverage at policy's bodily injury limits). Thus, Dye was not entitled to underinsured motorist coverage in his policy first issued prior to January 1, 1988.

■ Dye also requests that we revisit whether the underinsured motorist statute violates the equal protection rights of insureds in Indiana. Again, this court has previously decided that question and has held that the statute does not violate equal protection.[3] *See Lowe,* 583 N.E.2d at 169 (statute does not divide insureds into arbitrary and unreasonable classes because insureds whose policies were first issued prior to 1987 amendments may request such underinsured coverage). Therefore, we conclude that the trial court erred when it found that American Family owed Dye a duty to provide him with underinsured coverage at financial responsibility limits and that the underinsured motorist statute violates Dye's right to equal protection.

### Issue Two: Breach of Agent's Fiduciary Duty

■ Dye alleged in Count V of his complaint that American Family's agent, Ira B. Rockenbach, breached a fiduciary duty he owed Dye by not notifying him that his insurance coverage was inadequate. Dye maintains that genuine issues of material fact preclude summary judgment on this count. The trial court agreed and denied Rockenbach's cross motion for summary judgment on that claim.

However, in his cross-motion, Rockenbach moved for summary judgment and argued that because American Family was not required by law to offer underinsured motorist coverage to Dye, he also owed Dye no duty, as a matter of law, to "effect" such coverage. Brief of Appellants at 14. Rockenbach's argument assumes that any duty he owed to the insured, as an agent, is precisely coextensive with the duty American Family owed to the insured. We disagree.

■ We construe Count V of Dye's complaint as a claim for breach of fiduciary duty arising out of a negligent failure to advise. An insurance agent who undertakes to procure insurance for another is an agent of the insured and owes the insured a general duty to exercise reasonable care, skill and good faith diligence in obtaining insurance. *Craven v. State Farm Mutual Automobile Insurance Co.* (1992), Ind.App., 588 N.E.2d 1294, 1296. However, the agent's duty may extend to the provision of advice "only upon a showing of an intimate long term relationship between the parties or some other special circumstance." *Id.* at 1297. An insurance agent's duty to advise the insured of his insurance needs may arise even where the insurer is not required by law to provide a certain type of coverage. *See id.* at 1296–97 (acknowledging claim against agent for negligent failure to advise insured of availability of higher amounts of uninsured motorist coverage where insurer was not required to offer such coverage in policy first issued prior to January 1, 1988). In other words, the agent's duty to advise the insured of the availability of certain coverage is not dependent upon the insurer's duty to offer the insured such coverage.

**3.** Further, we cannot construe the underinsured motorist statute as applying to policies first issued before January 1, 1988, because such a retroactive application of the statute would constitute an unconstitutional impairment of the parties' contract obligations. *See* IND. CONST. art. I, § 24; U.S. CONST. art. I, § 10; *South Bend Community School Corp. v. National Education Association–South Bend* (1983), Ind.App., 444 N.E.2d 348, 352; *Hinds v. McNair* (1980), Ind.App., 413 N.E.2d 586, 608 n. 20.

Nevertheless, "something more than the standard insured-insurer relationship is required to create a special relationship obligating the insurer to advise the insured about coverage." *Id.* at 1297 (quoting *Nelson v. Davidson* (1990), 155 Wis.2d 674, 456 N.W.2d 343, 347). In *Parker v. State Farm Mutual Automobile Ins. Co.* (1994), Ind.App., 630 N.E.2d 567, this court recently explained that it is the nature of the relationship, not its length, that invokes the duty to advise. *Id.* at 569. Some of the relevant factors which manifest a special relationship include: (1) exercising broad discretion to service the insured's needs; (2) counseling the insured concerning specialized insurance coverage; (3) holding oneself out as a highly-skilled insurance expert, coupled with the insured's reliance upon the expertise; and (4) receiving compensation, above the customary premium paid, for the expert advice provided. *Id.* at 570.

The insureds in *Parker* obtained automobile and homeowner's insurance from the same agent for 13 years. However, they typically arranged insurance coverage via telephone with only one face-to-face meeting. *Id.* at 568. In granting the insurer's motion for summary judgment, we held that the insureds did not allege facts sufficient to establish any of the above-stated factors which would show a special relationship with their agent and, thus, that the insureds failed to present a genuine issue of material fact that their agent had a duty to advise. *Id.* at 569–70.

The existence of a duty is a question of law for the court which depends, in part, on the relationship of the parties. *Webb v. Jarvis* (1991), Ind., 575 N.E.2d 992, 995. Whether an insurance agent owes the insured a duty to advise is likewise a question of law for the court. *United Farm Bureau Mutual Insurance Co. v. Cook* (1984), Ind.App., 463 N.E.2d 522, 527, *trans. denied.* However, whether the parties' relationship gives rise to such a duty may involve factual questions. *See Ramon v. Glenroy Construction Co.* (1993), Ind.App., 609 N.E.2d 1123, 1128, *trans. denied.* The burden is on the insured to show an intimate long-term relationship between the parties or some other special circumstance. *See Craven,* 588 N.E.2d at 1297 n. 5.

Here, in opposition to Rockenbach's cross motion for summary judgment on Count V of the complaint, Dye designated his own affidavit. Dye averred in his affidavit that Rockenbach acted as his sole insurance agent for his automobile, homeowner and life insurance needs from 1983 until 1991, the year of the accident. Dye also averred that he was not knowledgeable concerning automobile insurance coverage during his relationship with Rockenbach and that he had relied upon Rockenbach to advise him concerning the type and amount of insurance coverage to purchase.

Like the insured in *Parker,* Dye failed to demonstrate that a genuine issue of material fact exists concerning whether a special relationship existed between him and Rockenbach. While Dye averred that Rockenbach acted as his sole insurance agent over an eight-year period, Dye merely established that a long-term relationship existed with Rockenbach. His designated evidence does not show any special relationship over and above the typical insured-insurer relationship. Dye did not demonstrate that Rockenbach represented himself as a highly-skilled insurance expert, that he relied on Rockenbach's purported expertise, that Rockenbach undertook to provide a specific analysis of Dye's insurance needs or that Rockenbach received compensation in addition to the customary premiums paid by Dye. *See Parker,* 630 N.E.2d at 570.

In sum, Dye's evidence fails to establish, as a matter of law, that the nature of his business relationship with Rockenbach was special and intimate as required in *Craven* and *Parker.* Because an essential element of Dye's claim for negligent failure to advise is absent, Rockenbach is entitled to summary judgment on Dye's claim for breach of fiduciary duty. *See Craven,* 588 N.E.2d at 1298. The trial court erred when it denied Rockenbach's cross-motion for summary judgment on Count V of Dye's complaint.

## CONCLUSION

We hold that American Family was not required to offer Dye underinsured motorist

coverage under Dye's policy first issued prior to January 1, 1988. Summary judgment for Dye is reversed and is hereby entered for American Family on its counterclaim for declaratory judgment and all counts of Dye's complaint. We further hold that Dye has not met his burden of establishing facts which preclude summary judgment for Rockenbach on Dye's claim in Count V that Rockenbach owed Dye a duty to advise him of his insurance needs and then breached that duty. Dye has failed to demonstrate a material issue of fact concerning whether a special and intimate relationship existed between him and Rockenbach. The denial of summary judgment on Count V is reversed and is entered for Rockenbach.

Reversed.

BAKER, J., and SHARPNACK, C.J., concur.