**David M. COMBS, Appellant (Plaintiff Below),**

v.

**STANDARD MUTUAL INSURANCE COMPANY, Appellee (Defendant Below).**

**No. 24A04–9307–CV–246.**

Court of Appeals of Indiana, Fourth District.

Sept. 8, 1994.

Rehearing Denied Nov. 29, 1994.

Kevin W. Ault, Rushville, for appellant.

Mark D. Gerth, Kightlinger & Gray, Indianapolis, for appellee.

RATLIFF, Senior Judge.

*STATEMENT OF THE CASE*

David Combs appeals from the trial court's adverse determination on Standard Mutual Insurance Company's motion for judgment on the pleadings. We affirm.

*ISSUES*

I. Whether the trial court's ruling of judgment on the pleadings was improper because facts outside the pleadings were considered.

II. Whether an insurance company may issue an automobile liability insurance policy

for a period of time less than the one year automobile registration period.

## FACTS

On March 16, 1991, David Combs was a passenger in a car being driven by Phillip Maddox with the permission of car owner Sharon Hendrick. The car struck a tree, and Combs was injured. On September 8, 1992, Combs brought an action against Maddox (alleging his negligent driving) and against Hendrick (alleging her negligent entrustment of the vehicle to Maddox).

On December 2, 1992, Combs filed an amended complaint adding Standard Mutual Insurance Company as an additional party defendant. The amended complaint asserted that Standard Mutual had issued an automobile policy to Hendrick for a period of three months ending in December, 1990. R. at 19 and 23. Standard Mutual's answer admitted issuance of "a renewal policy to Sharon Hendrick for the coverage period September 7, 1990 to December 7, 1990, and that said coverage lapsed on December 7, 1990 due to the failure of Sharon Hendrick to pay the premium due for renewal of said policy." R. at 36.

Standard Mutual moved for judgment on the pleadings, alleging that Combs failed to state a claim against Standard Mutual on which relief could be granted. The trial court entered judgment in favor of Standard Mutual, finding that "an automobile liability insurer does not have a duty to notify the Bureau of Motor Vehicles that a policy holder has not renewed or has cancelled a policy prior to the expiration of the one year automobile registration." R. at 3. Consequently, Combs failed to state a claim against Standard Mutual, and Standard Mutual was "entitled to judgment as a matter of law." R. at 4.

## DISCUSSION AND DECISION

### I. Judgment on the Pleadings

Ind.Trial Rule 12(C) authorizes a motion for judgment on the pleadings. And a T.R. 12(B)(6) defense of failure to state a claim upon which relief can be granted may be raised by way of a T.R. 12(C) motion for judgment on the pleadings. *Anderson v. Anderson* (1979), Ind.App., 399 N.E.2d 391, 405. The motion "test[s] the legal sufficiency of the complaint; or, stated differently, ... the law of the claim." *Id.* at 406. Judgment on the pleadings is proper only when there are no genuine issues of material fact. *Craven v. State Farm Mut. Auto. Ins. Co.* (1992), Ind.App., 588 N.E.2d 1294, 1296.

■ Combs claims the "trial court erroneously considered facts set out in Standard Mutual's brief." However, his argument in support thereof proceeds to assert the trial court being "required" to "take as true the allegations alleging that Standard Mutual violated public policy in issuing a policy of liability insurance for less than a full registration period...." and other policy arguments. Appellant's brief at 6. Combs has blurred the distinction between "facts" and the respective litigants' positions in asserting policy and legal requirements. "For purposes of review, the movant is deemed to admit all the well-pleaded *facts* in favor of the non-movant, and we will draw all reasonable inferences in favor of the non-movant." *Craven, supra* at 1296 (emphasis added). Applying this standard, the following facts and favorable inferences were before the trial court for review of the motion: Combs was injured on March 16, 1991, as a result of the negligent driving of Maddox and Hendrick's negligence in allowing him to use her vehicle; Standard Mutual had issued a three-month policy of insurance which covered Hendrick until December 7, 1990. Combs fails to identify any other facts he believes the trial court relied upon. The above facts are sufficient for a trial court to have gone forward to determine whether, as a matter of law, an insurance company may issue an automobile liability policy for a period of less than the one year automobile registration period.

### II. Automobile Liability Insurance

Combs contends that because Indiana has a financial responsibility law [1] which requires

---

1. The financial responsibility law in effect at the time of the accident has been repealed and reco-

dified at Ind.Code 9–25–1–1 to 9–25–8–4.

certain proof of one's ability to respond in damages in order to register a vehicle, allowing an insurance company to issue a policy for liability coverage which does not extend through the entire registration period is contrary to the legislature's intent that no vehicle be operated on a roadway without corresponding financial responsibility. Combs argues that the insurer "at the least at a minimum send notice of the lapsing for nonpayment of premium to the Bureau [of Motor Vehicles]" or, alternatively, be required to issue policies for twelve months.[2] Appellant's brief at 15.

The financial responsibility law provided that "a motor vehicle may be registered in Indiana only if financial responsibility in the amounts specified ... is produced for inspection at the time application for registration is made...." Former Ind.Code 9–1–4–3.5(a). The statute required "financial responsibility" be "continuously maintained" for so long as the vehicle was operated on Indiana roadways and made operation of a vehicle in violation of the subsection a class C misdemeanor. *Id.* at (b). The registration statute required every "person, who has leased or who is the owner of a vehicle of the type to be registered" to register that vehicle. Former I.C. 9–1–4–2. Under the statutory framework, then, the vehicle owner (or lessor) registered the vehicle and, at that time, had to produce proof of financial responsibility.

Combs cites *American Underwriters Group, Inc. v. Williamson* (1986), Ind.App., 496 N.E.2d 807, for the proposition that the legislature clearly intended individuals who register vehicles with the Bureau of Motor Vehicles to have insurance during the entire registration period.[3] Our supreme court has described the purpose of Indiana's financial responsibility law as being "to compel *motorists* to make provisions for the protection of other drivers on the road." *City of Gary v. Allstate Ins. Co.* (1993), Ind., 612 N.E.2d 115, 117 (emphasis added). Under the Indiana

financial responsibility system, a victim "is not guaranteed compensation in every automobile accident." *Id.* "A person complies with the financial responsibility law by providing proof that the person is able to respond in damages for liability caused through the ownership of the motor vehicle in the statutory amount." *Id.*

The plain meaning of the Indiana financial responsibility and registration laws unambiguously places the burden of both demonstrating proof of financial responsibility and of registering the vehicle with the owner (or lessor). To accept Combs' arguments and place the burden on insurance companies to either issue policies strictly corresponding to the period of vehicle registration or to notify the Bureau of Motor Vehicles should an insured not keep a policy in effect would place this court in the position of legislating. This we cannot do. According to the laws of Indiana, the insurer cannot be held liable under a policy which lapsed over three months before the accident which is the subject of the lawsuit.

Affirmed.

STATON and KIRSCH, JJ., concurs.

---

2. Combs also cites I.C. 9–25–5–9 for the proposition that Standard Mutual was required to file notice with the Bureau of Motor Vehicles when the Hendrick policy lapsed. However, the notice provision statute was not in effect at the time of the accident *and* only applies when an insurer *cancels* a policy.

3. Specifically, *Williamson* held an insurer cannot rescind a policy on the ground of fraud or misrepresentation and retrospectively avoid coverage under our financial responsibility law. *Id.*