**Robert HARDEN, Appellant–Plaintiff,**

**v.**

**Joe Bill WHIPKER, Appellee–Defendant.**

**No. 02A04–9410–CV–400.**

Court of Appeals of Indiana,
Fourth District.

Feb. 20, 1995.

Rehearing Denied March 29, 1995.

Douglas C. Leatherbury, Leatherbury Law Office, Salem, for appellant.

M. Elizabeth Bemis, John C. Ruckelshaus, Ruckelshaus, Roland, Hasbrook & O'Connor, Indianapolis, for appellee.

## OPINION

RILEY, Judge.

### STATEMENT OF THE CASE

Plaintiff–Appellant Robert Harden (Harden) appeals from an order of the Bartholomew Circuit Court granting summary judgment in favor of the Defendant–Appellee Joe Bill Whipker (Whipker) in a complaint for Whipker's removal from one of two lucrative offices.

We affirm.

### ISSUE

Harden presents one issue for our review which we re-state as: Whether the contemporaneous holding by the same person of positions on the county council and the coun-

ty sheriff's department is violative of the Indiana Constitution.

## FACTS AND PROCEDURAL HISTORY

The undisputed facts are that on November 3, 1992, Whipker was elected to the Bartholomew County Council, and was sworn into office on January 1, 1993. On January 1, 1993, Whipker was also employed as a county police officer. Whipker performed the duties and received compensation for both positions through September of 1993.

Harden, the County Chairman of the Bartholomew Democrat Central Committee, filed a complaint in September of 1993, seeking removal of Whipker from his position of county police officer or his position on the Bartholomew County Council. Whipker moved to dismiss the complaint pursuant to Ind.Trial Rule 12(B)(6). The parties cross-motioned for summary judgment, and the matter was set for hearing. On February 25, 1994, the parties appeared and a hearing was held on Harden's motion for summary judgment and Whipker's motion to dismiss and cross motion for summary judgment. After taking the matter under advisement, the court ordered that summary judgment be entered in favor of Whipker. The court issued the following order:

> Comes now the Court having taken this matter under advisement, and finds that there is no issue of material fact in this matter.
>
> Defendant is entitled to judgment as a matter of law. As a result of said ruling the Defendant's Motion to Dismiss is rendered moot.
>
> IT IS THEREFORE ORDERED, ADJUDGED AND DECREED, that the Defendant's Motion for Summary Judgment is hereby granted and judgment is entered in favor of the Defendant. The Plaintiff's Motion for Summary Judgment is hereby denied.

(R. 81). Harden appeals from this judgment.

## DISCUSSION AND DECISION

### Standard of Review

■ When reviewing the trial court's ruling on a motion for summary judgment, this court applies the same standard as the trial court. *American Family Mut. Ins. Co. v. Dye* (1994), Ind.App., 634 N.E.2d 844, 846, *reh'g denied, trans. denied.* Thus, no deference is given to the trial court's judgment. *Foreman v. Jongkind Bros., Inc.* (1994), Ind. App., 625 N.E.2d 463, 467, *reh'g denied.* Summary judgment is appropriate if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. T.R. 56(C).

When reviewing cross motions for summary judgment, the inquiry remains the same: whether a genuine issue of material fact exists which requires resolution by the trier of fact. *American Family Mut. Ins.*, 634 N.E.2d at 846. When the parties do not dispute the facts material to the claim, our task is to determine whether the trial court correctly applied the law to the undisputed facts. *O'Neal v. Throop* (1992), Ind.App., 596 N.E.2d 984, 986, *trans. denied.*

### Indiana Constitutional Provisions

Harden contends that Whipker's conduct of holding both the position as county councilman and county police officer is violative of Article III, § 1 and Article II, § 9 of the Indiana Constitution. Article III, § 1 is the state separation of powers doctrine and provides that

> [t]he powers of the Government are divided into three separate departments; the Legislative, the Executive including the Administrative, and the Judicial: and no person, charged with official duties under one of these departments, shall exercise any of the functions of another, except as in this Constitution expressly provided.

IND. CONST. Art. III, § 1 (1988). Article II, § 9 governs the holding of lucrative offices and provides that

> [n]o person holding a lucrative office or appointment under the United States or under this State is eligible to a seat in the General Assembly; and no person may hold more than one lucrative office at the same time, except as expressly permitted in this Constitution. Offices in the militia

to which there is attached no annual salary shall not be deemed lucrative.

IND. CONST. Art. II, § 9 (1988).

We recently addressed this issue in *Gaskin v. Beier* (1993), Ind.App., 622 N.E.2d 524, *trans. denied,* wherein we held that an individual may simultaneously serve as both a member of the Town Board of Trustees and as a Deputy Town Marshal. We held that the dual service did not violate Article II, § 9 of the Indiana Constitution because the position of "deputy marshal" is not an "office" within the meaning of Art. II, § 9, but rather deputy marshals are employees of the town. *Gaskin,* 622 N.E.2d at 528–29. We further held that the dual service did not violate Art. III, § 1 because that article does not apply to municipal governments. *Id.* at 529. *Gaskin* applies in the present case.

■ Article II, § 9 prohibits a person from holding "more than one lucrative office at the same time." It is undisputed that Whipker received compensation for his position as deputy sheriff as well as for his position of county councilman; thus both positions are "lucrative" within the meaning of Article II, § 9. *See Gaskin,* 622 N.E.2d at 528 (citing *Book v. State Office Building Comm.* (1958), 238 Ind. 120, 149 N.E.2d 273, 289 ("a 'lucrative office' is defined as 'an office to which there is attached a compensation for services rendered' ")). The relevant issue is whether deputy sheriff is an "office" within the meaning of Art. II, § 9. In *Gaskin,* we held that a deputy marshal is an employee rather than a public officer. *Gaskin,* 622 N.E.2d at 528. We similarly find that a deputy sheriff is an employee of the county, rather than a public officer. I.C. 36–8–10–4(a) ("A county police force is established in each county. The members are employees of the county...."). I.C. 36–8–10–4(a) (1988). Thus, Whipker's simultaneous holding of the position of deputy sheriff and county councilman does not contravene Art. II, § 9 of the Indiana Constitution.

With regard to Art. III, § 1, we reviewed the long-standing precedent in *Gaskin* and reiterated that this provision applies "only to state government and officers charged with duties under one of the separate departments of the state and not to municipal governments and officers." *Id.* at 529; *contra Rush v. Carter* (1984), Ind.App., 468 N.E.2d 236 (wherein it was held that a county police officer's contemporaneous holding of his position as county policeman and county councilman violated Art. III, § 1 of the Indiana Constitution). We decline to follow *Rush* for several reasons. Most significantly, *Rush* was decided before the current version of I.C. 36–8–10–11(c) had been amended. *See supra* discussion of I.C. 36–8–10–11(c).

Furthermore, I.C. 36–8–3–12 (1993) specifically permits police officers to be candidates for elective or appointed office and serve in that office if elected or appointed. The prior version of the statute permitted police officers to become candidates and campaign for elective office; however, it stopped short of allowing them to serve in office once elected. The statute as amended, however, specifically provides that police officers may serve in elective offices as well.[1]

There is also statutory authority applying specifically to county police officers. I.C. 36–8–10–11(c) provides that

[a] county police officer may not be dismissed, demoted, or temporarily suspended because of political affiliation nor after the officer's probationary period, except as provided in this section. An officer may:

(1) be a candidate for elective office and serve in that office if elected;

(2) be appointed to an office and serve in that office if appointed ...

I.C. 36–8–10–11(c) (1993).

We do not find Whipker's dual positions offensive to the Indiana Constitution. In fact, Whipker's conduct is expressly permitted by statute in Indiana, and we therefore decline to disturb the trial court's judgment. *Gaskin,* 622 N.E.2d at 530 (We are constrained to follow the clear statement of public policy by our legislature in I.C. 36–8–3–12, which specifically authorizes a town police officer to be a candidate and serve in elective office).

Affirmed.

---

1. I.C. 36–8–3–12 became effective in its present form in 1987.

KIRSCH, J., concurs.

CHEZEM, J., concurs in result.