**MERIDIAN TITLE CORPORATION, Appellant–Defendant,**

v.

**GAINER GROUP, LLC, Appellee–Plaintiff.**

No. 46A03–1006–PL–312.

Court of Appeals of Indiana.

April 4, 2011.

Colin J. Reilly, South Bend, IN, Attorney for Appellant.

Matthew J. Hagenow, LaPorte, IN, Attorney for Appellee.

## OPINION

SHARPNACK, Senior Judge.

### STATEMENT OF THE CASE

In this interlocutory appeal, Appellant–Defendant Meridian Title Corporation ("Meridian") appeals the trial court's denial of its motion for summary judgment.

We reverse and remand.

### ISSUE

Meridian presents one issue for our review, which we restate as: whether the trial court erred by denying Meridian's motion for summary judgment when the designated evidence establishes that no long-standing, intimate relationship existed between Meridian and Gainer Group, L.L.C. to justify the imposition of an extended duty on Meridian, and when, although the evidence establishes a special circumstance justifying an extended duty, Meridian fulfilled its duty.

### FACTS AND PROCEDURAL HISTORY

Gainer Group is in the business of buying real estate for the purpose of subdividing and re-selling it. In 2004, Gainer Group agreed to purchase some property from the Ruth N. Cathey Trust (Trust). As part of the sale, the Trust agreed to provide title insurance. The Trust's real estate agent engaged Meridian to procure title insurance for the piece of property involved in the sale. Following the sale, the Trust alleged that it mistakenly sold more land to Gainer Group than it intended. Meridian attempted to facilitate a resolution of the dispute by holding a meeting at its offices with representatives of the Trust and Gainer Group, but this attempt was unsuccessful. At the meeting, Mark Myers, President and CEO of Meridian, indicated to Jerry Wall, a member of Gainer Group, that it was his opinion that Gainer Group did not have a claim under its policy of title insurance that was obtained by Meridian and issued by Lawyers Title Insurance Corporation ("Lawyers Title"). Myers based his opinion on the fact that Gainer Group and the Trust closed on the property without a completed survey, and the title insurance policy provides an exception to survey issues when the parties close without a survey.

Subsequently, the Trust filed a lawsuit against Gainer Group to recover the portion of the property that it had not intended to sell. Gainer Group initially hired attorneys to represent it in the lawsuit, but later Gainer Group submitted a claim to Lawyers Title under its policy of title insurance. Lawyers Title accepted Gainer Group's claim and provided Gainer Group with a defense in the lawsuit filed by the Trust. Gainer Group then filed suit against Meridian based upon Meridian's alleged failure to properly handle Gainer Group's claim. Gainer Group sought to recover the litigation expenses and attorney fees it incurred prior to Lawyers Title's acceptance of its claim. Meridian filed a motion for summary judgment arguing that it owed no further duty to Gainer Group. After a hearing, the trial court denied Meridian's motion for summary judgment. Meridian now appeals the trial court's order.

### DISCUSSION AND DECISION

The purpose of summary judgment is to terminate litigation about which there can be no factual dispute and which can be determined as a matter of law. *Sheehan Const. Co., Inc. v. Continental Cas. Co.*, 938 N.E.2d 685, 689 (Ind.2010). On appeal from a denial of summary judgment, our standard of review is identical to that of the trial court: whether there exists a genuine issue of material fact and whether the moving party is entitled to judgment

as a matter of law. *Kroger Co. v. Plonski,* 930 N.E.2d 1, 4–5 (Ind.2010); see also Ind. Trial Rule 56(C). Appellate review of a summary judgment motion is limited to those materials designated to the trial court. *Sheehan,* 938 N.E.2d at 688. All facts and reasonable inferences drawn from those facts are construed in favor of the nonmovant. *Id.* The moving party bears the burden of making a prima facie showing that there are no genuine issues of material fact and that it is entitled to judgment as a matter of law; once the movant has satisfied this burden, the burden shifts to the nonmoving party to set forth specific facts showing the existence of a genuine issue of material fact. *Dreaded, Inc. v. St. Paul Guardian Ins. Co.,* 904 N.E.2d 1267, 1270 (Ind.2009).

Meridian contends that the trial court erred in denying its motion for summary judgment because there exists no genuine issue of material fact as to whether Meridian owed Gainer Group a duty beyond the general duty to exercise reasonable care, skill and good faith diligence in obtaining a policy of title insurance for Gainer Group.

■ An insurance agent who undertakes to procure insurance for another owes that person or entity a general duty to exercise reasonable care, skill and good faith diligence in obtaining the insurance. *Myers v. Yoder,* 921 N.E.2d 880, 885 (Ind. Ct.App.2010). An insurance agent's duty does not extend beyond merely procuring insurance for the insured unless the insured can establish the existence of an intimate, long-term relationship with the agent, or some other special circumstance. *American Family Mut. Ins. Co. v. Dye,* 634 N.E.2d 844, 847 (Ind.Ct.App.1994), *trans. denied.* If a special relationship or special circumstance is established, the insurance agent's duty may extend to the provision of advice about coverage. *Id.* Factors demonstrating the existence of a special relationship between an insurance agent and an insured include: (1) the agent's exercise of broad discretion to service the insured's needs; (2) the agent's counseling of the insured concerning specialized insurance coverage; (3) the agent's holding him or herself out as a highly skilled insurance expert, coupled with the insured's reliance upon the expertise; and (4) the agent's receipt of compensation, above the customary premium paid, for the expert advice provided. *Court View Centre, L.L.C. v. Witt,* 753 N.E.2d 75, 87 (Ind. Ct.App.2001). The burden of establishing an intimate long-term relationship or other special circumstance is on the insured. *Myers,* 921 N.E.2d at 885–86.

■ In the present case, the parties do not dispute that Meridian successfully obtained title insurance for Gainer Group. Therefore, we must examine the affiliation between Gainer Group and Meridian to determine whether theirs was a special relationship such that Meridian owed Gainer Group a duty beyond the mere procurement of a policy of title insurance.

The evidence showed that the Trust's real estate agent engaged Meridian to provide title insurance for the piece of land sold by the Trust to Gainer Group. Prior to the closing, Gainer Group had no dealings with Meridian. Further, other than both parties being present and interacting generally at the closing, Gainer Group had no interaction with Meridian between the time of the closing and issuance of the title policy. Thus, there is no evidence indicating Meridian possessed or exercised any discretion with regard to Gainer Group's insurance needs. Rather, Meridian was contacted by the Trust's real estate agent to obtain a policy of title insurance for Gainer Group with regard to a particular parcel of land, and Meridian did so without any contact with or input from Gainer Group.

The undisputed evidence also shows no counseling of Gainer Group by Meridian concerning any specialized insurance coverage. Again, Meridian was hired by a party other than Gainer Group to procure insurance for Gainer Group, which it did. Gainer Group did not consult with Meridian prior to Meridian obtaining the policy of title insurance for Gainer Group.

Further, there is no evidence that Meridian held itself out as a highly-skilled expert. The record is devoid of any evidence that Meridian made any representations about its abilities to Gainer Group, and there is no evidence that Gainer Group chose Meridian to obtain its title insurance on the basis that it held itself out as an expert. Rather, the evidence shows that the Trust's real estate agent, not Gainer Group, chose Meridian to procure the policy.

Finally, the designated materials lack any evidence that Meridian received anything but the standard compensation paid to an insurance agent that has obtained a policy of title insurance. Thus, based upon our examination of the circumstances, there is no evidence of an intimate, long-term relationship between Meridian and Gainer Group that would dictate imposing a duty upon Meridian that extends beyond its general duty to exercise reasonable care, skill and good faith diligence in obtaining the insurance policy.

■ Although the facts here do not establish an intimate, long-term relationship between Meridian and Gainer Group, they may constitute a special circumstance that would trigger an extended duty to advise on the part of Meridian. Following the closing, the Trust informed the parties that there was an issue regarding the sale of the property. After discussing the issue with Lawyers Title, Meridian undertook the mission of attempting to facilitate a settlement between the Trust and Gainer Group. To that end, a meeting between Gainer Group, the Trust, and other involved parties was held at the offices of Meridian Title. According to Wall, at this meeting, Myers pointed to a provision in the title policy and stated that Gainer Group did not have a claim because it had closed without a survey. Appellee's App. p. 42. Myers confirmed that he formed an opinion that there would be no coverage for Gainer Group in this situation because it closed without a survey, and the title insurance policy contains a general exception to survey issues when the parties close without a survey. Appellee's App. p. 73. Wall also asserts that there was a second meeting at which Myers indicated "there's going to be lawsuits" as a result of this dispute. Appellee's App. p. 47. Additionally, the designated evidence shows that Meridian had a financial interest in no claim being made under Gainer Group's policy of title insurance. Myers admitted he attempted to facilitate a settlement between the parties in order to avoid a claim being made against the policy of title insurance. Appellee's App. p. 84. However, Wall acknowledged that Myers never refused to assist Gainer Group with a claim. Appellee's App. p. 53.

Given these uncontroverted facts, we conclude that a special circumstance existed in this case such that Meridian had a duty to Gainer Group beyond its general duty to exercise reasonable care, skill and good faith diligence in obtaining the insurance policy; Meridian had a duty to advise Gainer Group regarding coverage under its policy.

The evidence shows that Meridian advised Gainer Group that the policy contains an exception for survey issues. There is no indication in the designated materials, and Gainer Group does not argue, that this representation is inaccurate. Schedule B of the policy, which is part of

the designated evidence in this summary judgment proceeding, lists the general exceptions of the policy, including "[e]ncroachments, overlaps, boundary line disputes, or other matters which would be disclosed by an accurate survey or inspection of the premises." Appellee's App. p. 135. In addition, Wall stated that Myers never refused to assist Gainer Group with a claim. Appellee's App. p. 53. Thus, Meridian had an extended duty to advise Gainer Group regarding coverage, and it fulfilled that duty.

The instant litigation is based on Meridian's handling of Gainer Group's insurance claim, specifically Meridian's indication that the policy excluded survey issues which would preclude a claim against the policy by Gainer Group. However, the evidence cited in support of Gainer Group's lawsuit is Lawyers Title's acceptance of Gainer Group's claim against its policy of title insurance. The fact that Lawyers Title accepted Gainer Group's claim and defended Gainer Group in the lawsuit brought by the Trust is of no moment. The policy language states that survey issues are a general exception to the policy. The manner in which Lawyers Title handled a specific claim by a policyholder does not alter the character of Meridian's advice. There is no evidence indicating that Meridian's advice was inaccurate or made in bad faith.

Therefore, the uncontroverted designated evidence establishes the existence of a special circumstance in the dealings of Gainer Group and Meridian such that Meridian had an extended duty to advise regarding coverage. The evidence further shows that Meridian fulfilled its duty.

Gainer Group relies on *Erie Ins. Co. v. Hickman by Smith*, 622 N.E.2d 515 (Ind. 1993), for its argument that Meridian owed Gainer Group a duty of good faith and fair dealing beyond its general duty of reasonable care, skill and good faith diligence. In *Erie*, our Supreme Court reaffirmed the existence of a duty of an insurer to deal with its insured in good faith and recognized a cause of action in tort for the breach of that duty. However, Gainer Group's reliance on *Erie* is misplaced because the duty recognized in Erie is the duty of an insurer to an insured. In the instant case, Meridian is the agent not the *insurer*. Our Supreme Court has yet to extend this duty to an agent; rather, an insurance agent's duty does not extend beyond the general duty to exercise reasonable care, skill and good faith diligence in obtaining a policy of insurance unless the evidence, through certain factors as set forth above, establishes a special relationship. Therefore, we decline Gainer Group's invitation to extend the application of the duty of an insurer as set out by the Supreme Court in *Erie*.

### CONCLUSION

In light of our discussion above, we conclude that there was no long-standing, intimate relationship between Gainer Group and Meridian that would justify imposing a duty on Meridian beyond its general duty of reasonable care, skill and good faith diligence in obtaining a policy of insurance. We further conclude that a special circumstance did exist which obligated Meridian to an extended duty of advising Gainer Group regarding its insurance coverage and that Meridian fulfilled this duty. Furthermore, we decline to extend to an insurance agent the Supreme Court's declaration of the duty of an insurer. Thus, the trial court erred in denying Meridian's motion for summary judgment.

Reversed and remanded.

ROBB, C.J., and RILEY, J., concur.